Justice Breyer,
dissenting.
I agree with Justice Souter and join his dissent. I write separately to point out that, like the Court, I believe it important to prevent unwarranted litigation from interfering with “the proper execution of the work of the Government.” Ante, at 685. But I cannot find in that need adequate justification for the Court’s interpretation of Bell *700 Atlantic Corp. v. Twombly, 550 U. S. 544 (2007), and Federal Rule of Civil Procedure 8. The law, after all, provides trial courts with other legal weapons designed to prevent unwarranted interference. As the Second Circuit explained, where a Government defendant asserts a qualified immunity defense, a trial court, responsible for managing a case and “mindful of the need to vindicate the purpose of the qualified immunity defense,” can structure discovery in ways that diminish the risk of imposing unwarranted burdens upon public officials. See Iqbal v. Hasty, 490 F. 3d 143, 158 (2007). A district court, for example, can begin discovery with lower level Government defendants before determining whether a case can be made to allow discovery related to higher level Government officials. See ibid. Neither the briefs nor the Court’s opinion provides convincing grounds for finding these alternative case-management tools inadequate, either in general or in the case before us. For this reason, as well as for the independently sufficient reasons set forth in Justice Souter’s opinion, I would affirm the Second Circuit.